IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
NOV 03 2014
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| | |
|---|---|
| **GREGORY MATTHEWS** | **PLAINTIFF** |
| vs. | CASE NO.: 3:14-cv-00259 BSM/JJV |
| **DENSO MANUFACTURING ARKANSAS, INC.** | **DEFENDANT** |

This case assigned to District Judge MILLER
and to Magistrate Judge VOLPE

**COMPLAINT & DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Gregory Matthews ("Plaintiff") and brings this action against Denso Manufacturing Arkansas, Inc. ("Defendant"), under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") for unpaid overtime and minimum wage compensation.

## NATURE OF LAWSUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of

worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This is an action by the Plaintiff against his former employer for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff seeks liquidated damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## PARTIES

3. Plaintiff, Gregory Matthews ("Plaintiff"), is a resident of Mississippi County, Arkansas and is a former employee of Defendant. Plaintiff performed work for Defendant in the State of Arkansas, including Mississippi County, Arkansas.

4. Defendant Denso Manufacturing Arkansas, Inc. ("Denso") is a company that purportedly produces HVAC assemblies and New Generation Modular Radiators. Denso's principal place of business is in Osceola, Arkansas (Mississippi County).

5. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

6. Based upon information and belief, at all material times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s), as it is believed that Defendant had an annual business dollar volume of at least $500,000.00.

7. Defendant is engaged in interstate commerce and was so engaged during Plaintiff's employment with Defendant.

8. Defendant has two or more employees of the enterprise individually engaged in commerce or who otherwise individually meet the traditional test of individual coverage.

9. Plaintiff is individually covered by the FLSA as they utilized the instrumentalities of commerce.

## JURISDICTION

10. Jurisdiction in this Court is proper as this action arises under the FLSA, as amended, (29 U.S.C. §201, *et seq.*) and the claims to the recover unpaid overtime wages, liquidated damages and reasonable attorney's fees and costs are brought pursuant to 29 U.S.C. § 216(b) of the FLSA.

11. This Court has jurisdiction over Plaintiff claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA. This Court has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

12. Defendant operates and conducts business in Mississippi County, Arkansas and therefore is within the jurisdiction of this Court.

## VENUE

13. The claims in this matter arise out of Mississippi County, Arkansas.

14. Pursuant to 28 U.S.C. § 1391(b), the venue for this controversy is appropriate in this district because a substantial part of the events and/or omissions giving rise to the claims herein occurred in this judicial district.

15. At all times material hereto, Defendant was a resident of Mississippi County, Arkansas.

## FACTS

16. Plaintiff was employed by Defendant from November 2007 through March 2014 as a "Customer Service Specialist."

17. As an employee of Defendant, Plaintiff organized, processed and assisted with shipping products on behalf of Defendant.

18. Plaintiff worked over forty (40) hours in one week for one or more weeks while employed by Defendants within the past three (3) years.

19. At all relevant times, Defendant failed to properly compensate Plaintiff and/or pay Plaintiff at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours during one or more work weeks within the past three (3) years. As such, Defendant failed to comply with 29 U.S.C. §§ 201-209.

20. Upon information and belief, the records — to the extent such records exist — concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody, or control of Defendant.

21. The burden of proof regarding the precise number of hours worked by Plaintiff belongs to Defendant.

## COVERAGE

22. Denso is a corporation formed and existing under the laws of the State of Arkansas and at all times (2011-2014), during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

23. Plaintiff was an employee of Defendant and was, at all times relevant to the violations of the FLSA (2011-2014), engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

24. At all material times relevant to this action (2011-2014), Denso was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§203(r) and 203(s).

25. At all material times relevant to this action (2011-2014), Denso made gross earnings of at least $500,000 annually.

26. At all material times relevant to this action (2011-2014), Defendant had two (2) or more employees engaged in interstate commerce, producing goods for interstate commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce.

27. At all material times relevant to this action (2011-2014), Defendant had two (2) or more employees routinely ordering materials or supplies from out of state vendors.

28. At all material times relevant to this action (2011-2014), Defendant has been an enterprise involved in interstate commerce by accepting payments from customers based on credit cards issued by out of state banks.

29. At all material times relevant to this action (2011-2014), Defendant also used the telephone or computers to place and accept business calls.

## COUNT ONE
## RECOVERY OF OVERTIME COMPENSATION

30. Plaintiff reasserts and incorporates by reference all allegations contained within the paragraphs 1 – 29 above.

31. During his employment with Defendant, Plaintiff worked more than forty (40) hours in one or more workweeks while employed by Defendant.

32. Defendant failed to compensate Plaintiff at one and one-half times his regular rate of pay for overtime hours that he worked, in violation of the FLSA.

33. Upon information and belief, Defendant's failure to properly compensate Plaintiff for his overtime hours worked was willful and/or reckless, as Defendant did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the

FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## DAMAGES AND REQUESTED RELIEF

34. As a result of Defendant's intentional, willful, and reckless violation(s) of the FLSA, Plaintiff is entitled to back wages and liquidated damages from Defendant for all hours worked in excess of forty (40) hours during one or more workweeks within the past three (3) years and for all hours worked below the applicable minimum wage.

35. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff demands as follows:

a. payment of his overtime wages at the correct rate pursuant to 29 U.S.C. § 207;

b. an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

c. declaratory relief pursuant to the DJA and FLSA finding all hours worked over forty (40) hours in a workweek should be paid time and one-half of an employee's regular rate of pay as long as an employee is not exempt from the FLSA;

d. pre-judgment and post-judgment interest where applicable;

e. reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b); and

f. all other relief that the Court deems just and proper.

This the 31st day of October, 2014.

Respectfully submitted,

GREGORY MATTHEWS, PLAINTIFF

_____
CHRISTOPHER ESPY, ESQ.

Christopher W. Espy, Esq. (MSB#: 102424)
MORGAN & MORGAN
188 East Capitol Street, Suite 777
Jackson, Mississippi 39236-3722
Phone: 601-718-2087
Fax:    601-718-2102
Email: cespy@forthepeople.com

**ATTORNEY FOR PLAINTIFF**